Lane, J.,
delivered the opinion of the court:
In 1820, John H. Piatt, in pursuance of a previous agreement, •executed and delivered to the plaintiff a mortgage on divers parcels of real estate in Cincinnati, to secure the payment of two hundred and sixty-one thousand six hundred and thirty-one dollars and sixty-four cents. In drawing this mortgage, by mistake lot No. 9 was imperfectly described. Mr. Piatt died in 1822, intestate and insolvent. A negotiation was commenced by the administrators, which produced an arrangement by which the widow, heirs, and administrators, released the equity of redemption to the bank, who consented to'receive it in satisfaction of the debt. By this release the mistake in the mortgage was corrected, and the bank-have possession of the omitted lands.
This arrangement is a very beneficial one for the. estate, the mortgaged property not being so valuable as the debt. If it stands, all parties to it are content. But doubts are entertained whether the administrator can release the equity *of re *495 ■demption, so as to bind the interests of the estate, and this bill is brought to remove them; and. it further alleges that the mortgage debt is still due if the above arrangement be not valid.
We think the plaintiffs are entitled to the decree. Although the mistake is corrected, in respect to the heirs, and their right of redemption is extinguished by the release, it is doubtful if the administrators have power to do this, except by an order of court. An equity of redemption is real estate vesting in the heirs; yet the .administrator has an undoubted right to redeem, and the correlative right to foreclosement exists in the bank. We need not adjudge whether the personal representative can extinguish the right, in his own hands, or in the hands of any future administrator,' since the bare doubt, the suspicion thus thrown upon the title sufficiently .authorizes the action of the court, to quiet the party in possession.
A further ground of jurisdiction may be found in this case, in the mistake, which in respect to administrators, and the interests ' they represent, could not be effectually corrected, except by bill.
A decree may be taken, correcting the omissions in the mortgage ■deed. And as an appraisal has been had, by which it is ascertained that the land if sold at its appraised value, would not pay the debt, it may be further provided, that unless the administrators pay the debt and cost within sixty days, their right to redeem shall before-closed.